IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO. 3:12-377 (JFA) |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | MOTION FOR A NON-GUIDELINE |
| SIDNEY MYERS | ) | SENTENCE |

As this court is well aware, the Sentencing Guidelines are but one factor that a court is required to consider in imposing an appropriate sentence. In determining a sentence, a district court must consider all of the factors set forth in 18 U.S.C. §3553(a), and the court may not presume that the guideline range is reasonable. Gall v. United States, 128 S.Ct. 586, 596-97 (2007). This court is also well aware of the factors listed under §3553(a); therefore, the defendant will not list those factors here.

After considering the factors listed under §3553(a), the court must impose a sentence that is "sufficient but not greater than necessary" to satisfy the purposes of sentencing: just punishment, deterrence, protection of the public and rehabilitation of the defendant. 18 U.S.C. §3553(a)(2). This so-called "parsimony provision" represents the "overarching" command of the statute. Kimbrough v. United States, 128 S.Ct. 558, 570 (2007).

The district court must give respectful consideration to the guidelines in determining a sufficient sentence, Gall, 128 S.Ct. at 594, but it may not presume that the

guideline sentence is a correct one, <u>Nelson v. United States</u>, 129 S.Ct. 890 (2009), <u>Rita v. United States</u>, 127 S.Ct 2456, 2465 (2007), or place "any thumb on the scale favoring a guideline sentence." <u>Id</u>. The court is free to consider whether the guideline sentence itself "fails properly to reflect §3553(a) considerations" in the case-at-hand, <u>Rita</u>, 127 S.Ct. at 2465, and/or whether the guideline at issue exemplifies the Sentencing Commission's "exercise of its characteristic institutional role." <u>Kimbrough</u>, 128 S.Ct. at 575.

Mr. Myers' case is unique, in that there are strong grounds for both a "traditional" downward departure, as well as a variance. Defense counsel has submitted an objection to his presentence report (PSR), contesting the cross-reference to U.S.S.G. §2G2.1 being applied to the facts of this case. As set forth more fully in the addendum to the PSR, his objection centered around whether Mr. Myers "used" his younger girlfriend for the purpose of filming her or whether two teenagers merely filmed themselves on a cell phone while having consensual sex.

## **FACTS**

The unusual facts of this case have never been seen in our jurisdiction and likely will not be seen again. At the time of the offense, the defendant was 20 years old. He met a girl in a club and she told him that she was 18 years old, even though she was 16. They began seeing each other and their relationship eventually developed into a sexual one. It should be noted that under both South Carolina and federal law, the age of consent is 16, so it was legal for them to have sex whether she was 16 or 18. With the girl's mother's knowledge and consent, Mr. Myers began spending nights at their house. While staying there on one occasion, the two of them came up with a plan for her not to go to

high school that day. On impulse, Mr. Myers called the office at her school and reported a bomb threat. The school and law enforcement were rightfully concerned and an investigation ensued where the prank call was eventually traced back to the defendant's cell phone. If that had been the end of it, the case would have likely resulted in a state court charge. But, while searching the defendant's cell phone for evidence related to the phone call, agents discovered approximately 12 minutes of video of Mr. Myers and his girlfriend having sex, which is why the case became federal. Importantly, the defendant kept these images only on his phone and did not download them to a computer or share them with others.

## DOWNWARD DEPARTURE GROUNDS

To the probation office's credit, they also recognized how unusual this case was and wrote four pages (pages 19-22) in Part E of the PSR, "Factors That May Warrant Departure." The officer sets forth articulate and well reasoned grounds as to why the court should consider a downward departure pursuant to §5K2.0(b)(2), §5K2.0 via §5K2.22(1) and §5H1.1 and defense counsel believes that all of the parties agree that a downward departure is warranted in this case.

In that Mr. Myers and the young lady had a consensual relationship, and as such she consented to being videotaped during sex, there does not exist any coercion that is typically seen in these types of cases. The intent of the parties was merely to have sex and videotaping it appeared to be an afterthought. Significantly, the purpose and intent of the sex acts was **not** so that it could be videotaped and shared. The Sentencing Commission

did not envision this type of factual scenario in setting high guidelines for this offense and Congress likewise did not pass harsh laws to punish teenagers acting foolishly. These laws were written to punish the exploitation of children and no such exploitation occurred here.

## **VARIANCE GROUNDS**

The defendant will respectfully request the court to consider several factors in determining what sentence is "sufficient, but not greater than necessary" to satisfy the purposes of sentencing in this case. Primarily, Mr. Myers will ask the court to consider the circumstances surrounding this offense, his conduct since then, as well as other §3553 factors, such as his lack of any prior record and his physical condition (to include an amputated leg). An additional factor to consider is how well Mr. Myers has done on pretrial supervision. He has successfully been on home detention with electronic monitoring since May 15, 2012.

The advisory sentencing guidelines in this case call for a range of imprisonment of 108 -135 months. A sentence within this range is greater than necessary to satisfy the purposes of sentencing under 18 U.S.C. §3553(a). That is because of the cross reference that has been objected to in the addendum, which added 10 levels to what the parties believed the guideline range would be. Without the harsh cross-reference that probation applied, the advisory guideline range would be 37-46 months. The defendant submits, that of the two offenses to which he pled guilty, the more serious one in this case is actually Count One - the fake bomb threat telephone call. The guidelines for that offense would have been 0-6 months and he would be eligible for probation. Defense counsel asks the court to consider a sentence of a year and a day, which, under the circumstances of

this case, would accomplish the purposes of sentencing set out at 18 U.S.C. §3553(a). The defendant submits that this is fair and equitable due to the unique factors present in his case and the requested sentence will reflect the seriousness of the offense, promote respect for the law and provide just punishment for the offense.

        Respectfully submitted,

        s/KATHERINE E. EVATT
        Assistant Federal Public Defender
        1901 Assembly Street, Suite 200
        Columbia, South Carolina  29201
        Telephone: (803) 765-5078
        Attorney ID #7044
        E-mail Address: Kathy_Evatt@fd.org

Columbia, South Carolina

February 5, 2013